United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-30945
Conference Calendar

---

ANTONIO J. MCKENDALL,

Plaintiff-Appellant,

versus

RICHARD L. STALDER; C. M. LENSING,

Defendants-Appellees.

--------------------

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-371-C-M1

--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Antonio J. McKendall, Louisiana state prisoner # 234949, has filed a motion for leave to proceed in forma pauperis (IFP) upon an appeal of the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. By moving for IFP status, McKendall is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

McKendall has failed to challenge specifically the district court's dismissal with prejudice of his claim that the defendants have a duty to notify him regarding chemical releases at area chemical plaints. Although this court liberally construes pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court requires arguments to be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Because McKendall has failed to address this ruling, he has abandoned the issue on appeal. See id. He also has failed to show that the district court erred by dismissing his other four claims without prejudice for not having exhausted his administrative remedies relative to them. See 42 U.S.C. § 1997(e); Wendell v. Asher, 162 F.3d 887, 890-92 (5th Cir. 1998).

Therefore, McKendall's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). McKendall therefore has two strikes under 28 U.S.C. § 1915(g), including one based on the district court's dismissal. McKendall is warned that if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.